# Harrodsburg Educational District v. Adams, Superintendent of Schools.

(Decided March 12, 1913.)

## Appeal from Mercer Circuit Court.

1. Schools and School Districts—Operating Under Special Charter—Provision of Charter Giving Right to Examine Teachers—Repeal

by Sections 4433 and 4428, Kentucky Statutes.—The provision of the charter of the Harrodsburg Educational District giving to its board of trustees the right to examine teachers was repealed by sections 4433 and 4428, Kentucky Statutes.

2. Schools and School Districts—State Fund—Right of Teacher to be Paid a Part Thereof—Necessity for Certificate Prescribed by Common School Law.—A teacher of common school pupils in a school conducted by the Harrodsburg Educational District who does not hold a certificate required by the common school law is not entitled to be paid any part of the common school fund of the State.

3. Schools and School Districts—Operating Under Special Charter—Right of District to Common School Fund.—Where eight teachers in a school organized under a special charter hold certificates required by the common school law, and the district's per capita share of the common school fund is not sufficient to pay the salaries of the eight teachers, the fact that three of the teachers of common school pupils do not hold proper certificates affords no reason for refusing to pay to the district its share of the common school fund. The common school fund may be paid to the district and used by its board of trustees to pay the salaries of the eight teachers holding proper certificates, but no part of it can be paid to the three teachers who do not hold such certificates. Provision for the payment of the three teachers must be made out of the special tax which the district is authorized to levy.

J. F. VANARSDELL for appellant.

R. W. KEENON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The question involved on this appeal is whether or not the Superintendent of Schools of Mercer County may withhold from the Harrodsburg Educational District its *pro rata* of the common school fund because three of its teachers do not hold certificates required by the common school law. The trial court decided the question in the affirmative, and the Harrodsburg Educational District appeals.

The case was tried on an agreed statement of facts. From that statement it appears that the Harrodsburg Educational District was established pursuant to a charter granted in 1876 by the General Assembly of Kentucky, and found in volume 2, chapter 745, page 516, Acts of 1876. Since that time it has conducted a free graded school in the city of Harrodsburg, which all white chil-

dren residing in the district between the ages of six and twenty have the privilege of attending. The powers of said district are lodged in a board of trustees six in number, and the board has the power to appoint examiners and prescribe qualifications for teachers. There are eleven teachers in the district. Eight of them hold county or state certificates, while three of them do not, though they have been regularly examined by a board of examiners appointed by the board of trustees of the district, which examiners filed a written report to the effect that they were duly qualified to teach the various branches required by law to be taught in the common schools of Kentucky. Under its charter, the district is entitled to receive its *pro rata* share of the common school fund, based on the number of pupils in the district between the ages of six and twenty. For the year 1912 the number of pupil children in the district was 622. The county superintendent paid to the district its entire *pro rata* for the year 1912, with the exception of $843.10. This amount she refused to pay. The state school fund is supplemented by the local tax of not less than 20 cents on $100 of the assessed valuation of the property in the district, and there is derived yearly from this local tax between $3,500 and $4,000 for the maintenance of the school, paying teachers, etc. The amount so received by the district from the State fund is between $2,000 and $2,400.

Section 4433, Kentucky Statutes, is as follows:

"This law is not to affect, modify or repeal any local or special law heretofore passed which establishes any city or town in one district, except as provided in sections 4482 and 4483; but the same shall be governed in all respects by the local laws and authorities, and it shall in no wise affect the charter and amendments thereto of any city or town in the Commonwealth, so far as said charter and amendments relate to the public schools of said cities and towns, nor shall this law affect, modify or repeal any local or special laws now in force for the benefit of any school, high school, seminary, college or other institution of learning in this State, except as to teachers, as provided in section 4428."

Sections 4482 and 4483, referred to in the above section, are not material to this controversy. Section 4428, so far as material, is as follows:

"In order that all districts may, as soon as practicable, be made to contain not less than forty-five pupil children, each county superintendent shall, from year to

year, as far as practicable, and in accordance with the best educational results, equalize in school population the districts of his county. No district hereafter established shall include less than forty-five pupil children, except in cases of extreme emergency. No district shall contain more than one hundred pupil children unless it contains a city, town or village within its limits, or there be established therein a high school, academy or college entitled to a share of the revenue of the common school fund, by virtue of a special charter or of a contract between the trustees of the common school district and the trustees or other legal authorities of such institution. In all such cases the teacher or teachers of such high school, academy or college having charge of the common school pupils shall hold certificates, and be subject to all the provisions of the common school laws." * * *

It will be observed that section 4433 provides that the law therein referred to shall not affect, modify or repeal any local or special laws now in force for the benefit of any school, high school, seminary, college or other institution of learning in this State, except as to teachers, as provided in section 4428, while section 4428 provides "in all such cases the teacher or teachers of such high school, academy or college having charge of the common school pupils shall hold certificates, and be subject to all the provisions of the common school laws."

As the Harrodsburg Educational District is not a city or town, organized as a single district and reporting direct to the Superintendent of Public Instruction, as provided by section 4407, Kentucky Statutes, we conclude that that provision of the charter of the district giving to its board of trustees the right to examine teachers was necessarily repealed by section 4443, considered in connection with section 4428. And, as held in the case of Posey, Superintendent, &c., v. Board of Trustees, &c., 19 Ky. L. Rep., 466, the effect of these sections is to declare that no teacher of common school pupils in any school, high school, seminary, college or any other institution of learning in this State, operating under a special law, is entitled to any part of the common school fund, unless he holds a certificate as prescribed by the common school law. It follows, therefore, that the three teachers who do not hold such certificates are not entitled to be paid any part of the common school fund, if, as a matter of fact, they are in charge of common school pupils. However, this fact affords no just ground for refusing to the

Harrodsburg Educational District its *pro rata* part of the common school fund. It is evident that this fund is not sufficient to pay the eight teachers who do hold certificates required by the common school law. That being true, the money may be paid to the district and applied by its trustees to the payment of such teachers, but no part of it can be paid to the three teachers who do not hold the required certificates. Provision for the payment of the three teachers who do not hold such certificates will have to be made out of the special tax which the district is authorized to levy. This view does not conflict with the rule announced in the case of Posey, Superintendent, &c., v. Board of Trustees, &c., *supra*, for in that case all the teachers of the school in question were in charge of common school pupils, and none of them held certificates required by the common school law. For this reason it was held that the school was not entitled to any part of the common school fund.

Of course the City of Harrodsburg, being a city of the fourth class, may, if it desires, organize its school system under and pursuant to sections 3588 to 3606, Kentucky Statutes, inclusive, in which event the Board of Education will have the right to prescribe the qualifications and to provide for the examination of its own teachers.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.